# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAAIYAH H. GOLDSTEIN, *Plaintiff pro se* | : : : | CIVIL ACTION |
| v. | : : | |
| PENNSYLVANIA STATE, *et al.* *Defendants* | : : | NO. 17-3859 |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.                                    OCTOBER 17, 2017

Plaintiff Daaiyah H. Goldstein ("Plaintiff") filed this civil action against the Commonwealth of Pennsylvania, the Pennsylvania State Treasury, Governor Tom Wolf, Mayor of Philadelphia Jim Kenney, and the 17th and 18th Districts of the Philadelphia Police Department ("Defendants"), and seeks leave to proceed *in forma pauperis*. [ECF 1]. For the reasons set forth, Plaintiff motion for leave to proceed *in forma pauperis* is granted and her complaint is dismissed.

### I.   FACTS

In her complaint, Plaintiff alleges that she has been a blogger since January of 2009. She claims that she "always knew that [she] wanted to become a writer but because of [her] disability [her] company is now at vulnerable risk of exploitation by the state of Pennsylvania and their dealing and corruptions." (Compl. at 3.) Plaintiff contends that Governor Wolf and his staff refused to "assist [her] with a tampering evidence case against a neighbor," and that the police of the 17th and 18th Districts in Philadelphia and other law enforcement agencies have also refused to assist her with the case. Plaintiff claims that a record of her 911 calls will reflect physical and mental injuries that she suffered. She did not list any relief that she seeks through this action.

## II. STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that she is unable to pay the fees associated with commencing this civil action. As Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires a court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* Here, Plaintiff is proceeding *pro se*, therefore, this Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

In her complaint, however, Plaintiff has not alleged any facts that would give rise to a plausible claim against Defendants. If she is attempting to assert violations of her constitutional rights pursuant to 42 U.S.C. § 1983, based on Defendants' failures to investigate crimes allegedly committed against her, these claims fail. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). In addition, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted). Accordingly, Plaintiff cannot bring any claims based on alleged failures of government officials to investigate crimes and/or prosecute criminals. *See Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed. Plaintiff will not be given leave to amend the complaint because it appears that *any* amendment would be futile, as Plaintiff has not set forth any reasonable basis for a claim within the Court's jurisdiction. An appropriate order follows, which shall be docketed separately.

*NITZA I. QUIÑONES ALEJANDRO*, USDCJ